IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHEET METAL WORKERS LOCAL )
265 WELFARE FUND, et al., )
)
Plaintiffs, )
) No. 05 C 2668
v. )
) Paul E. Plunkett, Senior Judge
AMERICAN CHUTE SYSTEMS, INC., )
a corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

The Plaintiff Funds ("Trustees") originally brought this action against American Chute Systems, Inc. ("American") for failure to make timely contributions to the employees' welfare fund. The Trustees also sought liquidated damages and attorneys' fees, bringing the total damage claim to over $38,000. The Trustees and American resolved that dispute under the terms of a written settlement agreement, which provided, in part, that the Trustees would forebear in reducing the past-due indebtedness to judgment in return for a commitment from both American and its individual owner, Frank Stephens, to pay off the past-due amounts over the succeeding twelve months. The Trustees were also promised that in the event of a default:

1. All installment payments under the settlement agreement would become immediately due and payable;

1

2. All future contributions incurred after the date of the settlement agreement would be kept current; and

3. Frank Stephens, as owner, would individually guarantee the company's obligations.

The installments under the settlement agreement became delinquent, and the Trustees now seek to reopen their case and enforce the terms of the settlement agreement. There is no question that the Trustees have the right to do so; the question is to what extent Frank Stephens is individually liable for American's obligations.

The settlement agreement clearly provides that American is immediately liable for all past-due contributions under the settlement agreement and for any past-due contributions arising in the year following. There is also no question that Frank Stephens is personally liable for contributions that are delinquent under the terms of the settlement agreement. The thorny little question presented is whether Stephens is also individually liable for delinquent contributions incurred and payable subsequent to the settlement agreement. As it develops (since the default under the settlement agreement came only a few months before all payments would have been made), the amount of contributions due under the settlement agreement is relatively small, whereas the amount due for contributions incurred but not paid over the last year is more significant.

Whether Stephens is individually liable for delinquent contributions incurred by his company after the date of the settlement agreement hinges the language of paragraph five, which provides:

> In the event that Defendant fails to timely make the payments as agreed in Paragraph 3, or fails to submit current reports and contributions as they become due during the pendency of the payment schedule, Defendant, and Frank Stephens, individually, shall be considered in violation of this Agreement. In such event, Defendant and Frank Stephens, individually, consent to the entry of judgment against itself and in favor of Plaintiffs for all unpaid installments under this Agreement, all contributions due according to

2

>       the subsequently submitted reports, and all of Plaintiffs' reasonable attorneys'
>       fees incurred to date.

(Stipulation to Dismiss ¶ 5.)

Even a cursory examination of this paragraph leaves the reader scratching his head. After carefully reciting that both Stephens and American are responsible for a default under the settlement agreement, the drafter provides that American and Stephens, individually, consent to the entry of a judgment against "itself." This is somewhat reminiscent of an impeachment trial; the solution to our problem depends on who "itself" is.

A federal court sitting in diversity interprets the contract under Illinois law *ITQ Lata, LLC v. MB Fin. Bank, N.A.*, 317 F. Supp. 2d 844, 851 (citing *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2000)) and there, as in most states, the court looks to the intent of the parties which, hopefully, is evident from the language used by the parties. *Wikoff v. Vanderveld*, 897 F.2d 232, 238 (7th Cir. 1990). The word "itself" certainly is capable of being read to mean only that Stephens and American were jointly consenting to judgment against American. But that is a *non sequitur*. American is already a signatory to the settlement. There is no conceivable reason why Stephens's consent would be necessary to reduce the claim to judgment. Actually, reading the paragraph in such a manner reduces it to gobbledegook. We do not believe either party intended that the agreement bound only American to pay for delinquent contributions after the date of that agreement.

Paragraph five, which deals with remedies for default, speaks to liability for both the company and its owner. This reading is consistent with what the Trustees must have sought in agreeing to wait for nearly $40,000 of arrearages to be paid over a twelve-month period. Such a forbearance agreement, which would rest solely on the good faith and solvency of a company already

3

serious delinquent, would be foolhardy. Second, the remedies for default in paragraph five are all lumped together, and this treatment strongly suggests that the company and the individual would be responsible for the same obligations in the event of a default. To construe the paragraph otherwise would mean that the parties ignored the need to separate the company's obligations from those of the individual guarantor. Thus, we conclude that the word "itself" is simply an error and that the parties meant to say judgment against either "both" or "each."

The Court may, of course, hold an evidentiary hearing to permit the parties to testify as to their intent. We have decided against that route, however; neither has requested such a hearing nor submitted sworn statements shedding light on who believed what at the time of resolution of the original dispute. But, more importantly, we believe such a hearing would not be of assistance. Both sides would undoubtedly present self-serving statements about what they intended, adding little or nothing to help us resolve the issue. We conclude that the that Plaintiff is entitled to reopen the case to enforce the settlement agreement, and that under that agreement, the plaintiff is entitled to judgment against both American and Stephens for contributions in default under the settlement agreement and for all past-due contributions by American thereafter. The Trustees shall submit with fourteen (14) days of this order a calculation of the damages sought against American and Stephens, supported by appropriate audits and affidavits.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**
**PAUL E. PLUNKETT**

DATED: **JUN 5 2006**

4